UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JILL BAMBURY                                                    CIVIL ACTION

VERSUS

SOUTHERN UNIVERSITY AND A&M                    NO. 16-00832-JJB-EWD
COLLEGE BOARD OF SUPERVISORS, ET AL.

## RULING

Before the Court is a *Motion to Dismiss*[1] filed by Defendant, the Board of
Supervisors for Southern University and A&M College, and a *Motion to Dismiss*[2] filed by
Defendants, Ray Belton, Calvin Braxton, Sr., Antonio Clayton, Jordan Franklin, Raymond
Fondel, Jr., Curman Gaines, Joe Grant, Donald Henry, Richard Hillard, Myron Lawson,
Patrick Magee, Darren Mire, Mike Small, Ann Smith, Leon Tarver III, Samuel Tobert, Jr.
and Rani Whitfield in response to Plaintiff Jill Bambury's *Original Complaint*. Plaintiff, Jill
Bambury, filed an *Opposition*[3] to both *Motions*, and was also granted leave to file an
*Amended Complaint*.[4] In response to her *Amended Complaint*, the Defendants filed a
joint *Motion to Dismiss*.[5] Plaintiff opposed the Defendants' joint *Motion*.[6] The Court's
jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is unnecessary. For the
following reasons, the Court shall grant Defendants' *Motions*.

---

[1] Doc. 5.
[2] Doc. 7.
[3] Doc. 12.
[4] Doc. 15. (*First Amended Complaint for Damages*).
[5] Doc. 16.
[6] Doc. 18.

1

I.    BRIEF FACTUAL AND PROCEDURAL OVERVIEW

Plaintiff Jill Bambury ("Bambury"), a twenty-year tenured faculty employee of Southern University's School of Architecture, claims that she was notified on January 9, 2015 that she would be terminated on December 11, 2015, because Southern University's architecture program was being discontinued.[7]   On December 9, 2016, Bambury filed this lawsuit asserting federal due process claims arising under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 against the Board of Supervisors for Southern University and A&M College ("Board" or "Board of Supervisors") and the individual members comprising the Board.   In particular, Bambury asserts that she did not receive a notice to appeal her termination and was denied an adequate hearing.[8]   She has also asserted Louisiana state law claims for infliction of emotional distress, breach of contract, and negligence.[9]   Originally, Bambury only sought relief in the form of monetary damages under 42 U.S.C. § 1983.[10]   On June 9, 2017, the Court granted Plaintiff leave to file her *First Amended Complaint for Damages* in which she asserted additional claims for non-pecuniary damages (i.e., declaratory and injunctive relief).[11]

Defendants only seek dismissal of Bambury's 42 U.S.C. § 1983 claims for monetary damages and her state law claims because they are barred by the Eleventh Amendment and should be dismissed.[12]

---

[7] Doc. 15, p. 2, ¶¶4-5; p. 3, ¶¶7-8.
[8] Doc. 15, p. 8, ¶¶ 30-32.
[9] Doc. 1, p. 10, ¶36.
[10] Doc. 1, p. 10, ¶35.
[11] Docs. 14 and 15.   Plaintiff continues to assert her claims for monetary damages in her *Amended Complaint*.
[12] In her *Opposition*, Plaintiff spends a great deal of time addressing the viability of her non-pecuniary damage claims.  However, it is worth noting that the Defendants did not move for dismissal of her claims for declaratory or injunctive relief.

## II.    STANDARD

The Defendants' challenge Bambury's claims on jurisdictional grounds.[13] "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[14]    Pursuant to Rule 12(b)(1) a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."[15]    A court should consider a Rule 12(b)(1) attack before addressing any challenge on the merits.[16]    Considering a Rule 12(b)(1) motion to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[17]    Furthermore, a Rule 12(b)(1) motion to dismiss is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss.    In order "to survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18]    "Facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

## III.    ANALYSIS

In her *Original* and *Amended Complaints*, Bambury seeks to recover monetary damages from the Defendants in their official capacities.[20]    However, Bambury is not

---

[13] The Defendants did not specify the Rule 12 legal standard upon which they seek dismissal of Plaintiff's claims.    Because the substance of their argument concerns Eleventh Amendment immunity, the Court applies the Rule 12(b)(1) legal standard.

[14] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

[15] *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

[16] *Id.*

[17] *Id.* at 286-87.

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[19] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[20] Doc. 15, p. 9, ¶36.    In both of her *Complaints*, Bambury claims she is suing Southern University and A&M College through its Board of Supervisors, and the individual members are sued in their official capacity as members of the Board of Supervisors for Southern University.    Plaintiff has made no claims against any of the Defendants in their individual capacities.    Doc. 1, p. 2, ¶3; Doc. 15, p. 2, ¶3.

entitled to such relief from the Defendants. Sovereign immunity protects not just the state itself, but also "any state agency or entity deemed an 'alter ego' or 'arm' of the state."[21] The Fifth Circuit has expressly held that Southern University and its Board of Supervisors qualify as an arm of the State of Louisiana.[22] "The Eleventh Amendment to the United States Constitution bars an action for monetary damages by a private individual against a sovereign state and its agencies and officials unless specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment or by consent of the State."[23] The State of Louisiana has not consented to suit brought in federal court based on violations of "constitutional, civil and human rights,"[24] and Section 1983 does not abrogate state sovereign immunity.[25] Because Plaintiff has sued the Board of Supervisors—an arm of the State—and its individual members in their official capacities, her claims for monetary damages must fail as a matter of law.[26] Accordingly, Bambury's 42 U.S.C. §1983 claims for money damages against all of the Defendants shall be dismissed.

Although the Defendants did not seek dismissal of Bambury's claims for injunctive and declaratory relief in their motions, the Court *sua sponte* finds that these claims must be dismissed as to the Board of Supervisors for Southern University and A&M College.[27]

---

[21] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).
[22] *Richardson v. Southern Univ.*, 118 F.3d 450, 452 (5th Cir. 1997)(citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991)).
[23] *Johnson-Blount v. Board of Sup'rs for Southern Univ.*, 994 F.Supp.2d 780, 783 (M.D.La. 2014)(citations omitted).
[24] La. R.S. 13:5106(A); *Richardson*, 118 F.3d at 453.
[25] *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015)(citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).
[26] *See e.g. Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (a claim against a state official in his or her official capacity for monetary damages is "no different from a suit against the state itself," and consequently, is barred by the Eleventh Amendment).
[27] *Cooper v. Sears*, No. Civ. A. 3:02-CV-0698-R, 2004 WL 515607, *1 (N.D.Tex. Jan. 9, 2004)("Under Fed. R. Civ. P. 12(h)(3), the Court may *sua sponte* determine if it has subject matter jurisdiction pursuant to an Eleventh Amendment immunity argument and dismiss a claim for lack thereof.")

In her *First Amended Complaint*, Bambury has alleged that she is entitled to non-pecuniary damages against the Defendants in the following manner:

> Plaintiff seeks non-monetary damages in the form of declaratory and injunctive relief of the violation of procedural due process that Dr. Bambury experienced when she was terminated from her tenured employment without being provided with adequate notice or a meaningful opportunity to be heard and for the breach of implied future employment from the promise of the University to work to place Dr. Bambury, a tenured professor back into the Southern University System.[28]

> ****

> Plaintiff seeks injunctive relief of the violation of procedural due process that Dr. Bambury experienced when she was terminated from her tenured employment without being provided with adequate notice or a meaningful opportunity to be heard.[29]

It appears to the Court that Bambury's allegations seeking non-pecuniary relief are premised upon her 42 U.S.C. § 1983 claims.

Eleventh Amendment "immunity is far reaching. It bars all suits, whether for injunctive, declaratory, or monetary relief, against the state and its departments."[30] The Fifth Circuit has noted that, "[t]he Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver."[31] The *Ex Parte Young* exception, which permits "suits for injunctive and declaratory relief against individual state officials acting in violation of federal law," does

---

[28] Doc. 15, p. 9, ¶35.
[29] Doc. 15, p. 10, ¶38.
[30] *Carpenter v. Miss. Valley State Univ.*, 807 F.Supp.2d 570, 580 (N.D.Miss. 2011).
[31] *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002)(quotation marks and citations omitted). *See also, Raj v. La. St. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)(holding that because plaintiff had only named Louisiana State University ("LSU"), LSU Health, and the LSU Board as defendants, and not individual officials, he could not overcome sovereign immunity via *Ex Parte Young* doctrine).

not apply when the plaintiff sues the state or its agencies.[32] Based on the foregoing, it is clear to the Court that Bambury's 42 U.S.C. § 1983 claims against the Board of Supervisors seeking injunctive and declaratory relief must be dismissed.[33]

Bambury has also asserted state law claims against the Board of Supervisors and the individuals who comprise the Board in their official capacities. Such claims, however, are also barred by the Eleventh Amendment. As the Defendants correctly point out, in *Richardson v. Southern University* the Fifth Circuit held that because Louisiana had not waived its sovereign immunity from suit in federal court, the state-law claims brought against the Board of Supervisors for Southern University were barred by the Eleventh Amendment.[34] As for the individual board members, the Fifth Circuit has also explained that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the state."[35] Because Plaintiff has "accuse[d] state officers of violating state common law while acting in the course and scope of their employment, the Eleventh Amendment prevents [Plaintiff] from raising the claim in federal court whether the [Plaintiff] seeks damages or injunctive relief."[36] Accordingly, Bambury's state law claims against the Defendants are barred by the Eleventh Amendment and shall be dismissed.

---

[32] *Raj v. La. St. Univ.*, 714 F.3d at 328.

[33] The Court does not reach the issue of whether Bambury's 42 U.S.C. § 1983 claims seeking injunctive and declaratory relief against the individual members of the Board of Supervisors, sued in their official capacities, should be dismissed in this *Ruling*.

[34] 118 F.3d at 453. The *Richardson* court referenced La. R.S. 13:5106(A) which provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

[35] *Hughes v. Savell*, 902 F.2d 376 (5th Cir. 1990).

[36] *Id. See also McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011)("since state law claims do not implicate federal rights or federal supremacy concerns, the *Young* exception does not apply to *state* law claims brought against the state.")(emphasis original).

## IV.    CONCLUSION

For the foregoing reasons, the *Motion to Dismiss*[37] filed by the Board of Supervisors for Southern University and A&M College, the *Motion to Dismiss*[38] filed by Defendants, Ray Belton, Calvin Braxton, Sr., Antonio Clayton, Jordan Franklin, Raymond Fondel, Jr., Curman Gaines, Joe Grant, Donald Henry, Richard Hillard, Myron Lawson, Patrick Magee, Darren Mire, Mike Small, Ann Smith, Leon Tarver III, Samuel Tobert, Jr. and Rani Whitfield, and the joint *Motion to Dismiss*[39] filed on behalf of all of the Defendants are hereby GRANTED.

IT IS HEREBY ORDERED that Plaintiff Jill Bambury's federal and state law claims against the Board of Supervisors for Southern University and A&M College are hereby dismissed in their entirety without prejudice.

IT IS FURTHER ORDERED that Plaintiff Jill Bambury's 42 U.S.C. § 1983 claims for monetary damages and state law claims against the individual Defendants, Ray Belton, Calvin Braxton, Sr., Antonio Clayton, Jordan Franklin, Raymond Fondel, Jr., Curman Gaines, Joe Grant, Donald Henry, Richard Hillard, Myron Lawson, Patrick Magee, Darren Mire, Mike Small, Ann Smith, Leon Tarver III, Samuel Tobert, Jr. and Rani Whitfield, are hereby dismissed without prejudice.[40]

Signed in Baton Rouge, Louisiana, on August ⟋3rd⟍ , 2017.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] Doc. 5.
[38] Doc. 7.
[39] Doc. 16.
[40] At this juncture, Plaintiff's only remaining claims are those seeking injunctive and declaratory relief against the individual members of the Board of Supervisors for Southern University, who have been sued as officers of the State in their official capacities.